IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **PETER HENDERSON, #214546** § | | **PETITIONER** |
| § | | |
| § | | |
| **v.** § | | **Civil No. 1:20-cv-134-HSO-RPM** |
| § | | |
| § | | |
| **GEORGIA SHELBY** § | | |
| § | | **RESPONDENT** |

### ORDER ADOPTING MAGISTRATE JUDGE'S [22] REPORT AND RECOMMENDATION AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS [8]

This matter comes before the Court on the Report and Recommendation [22] of United States Magistrate Judge Robert P. Myers, Jr., entered in this case on August 8, 2023. Petitioner Peter Henderson has not filed an Objection to the Report and Recommendation [22]. After due consideration of the Magistrate Judge's Report and Recommendation [22], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [22] should be adopted and that Petitioner's Petition for Writ of Habeas Corpus [8] should be dismissed with prejudice.

I. BACKGROUND

In December 2017, a jury in the Circuit Court of Harrison County, Mississippi, First Judicial District, convicted Petitioner Peter Henderson ("Petitioner" or "Henderson") of first-degree murder. Doc. [13] at 3, Doc. [8] at 1. He was sentenced to life imprisonment. *See* Doc. [13] at 3, Doc. [8] at 1.

Henderson appealed his conviction on two grounds: (1) ineffective assistance of trial counsel; and (2) that the verdict contradicted the overwhelming weight of the evidence. Doc. [13] at 3–4. In May 2019, the Mississippi Court of Appeals affirmed Henderson's

conviction. *See Henderson v. State*, 281 So. 3d 1058 (Miss. Ct. App. 2019). Henderson subsequently sought post-conviction relief in the Mississippi Supreme Court on six grounds, all of which the Mississippi Supreme Court denied in an Order issued on February 21, 2020. Doc. [13] at 5, [13-4].

On April 3, 2020, Henderson filed a Petition for Writ of Habeas Corpus in this Court. Doc. [1]. He initially failed to sign his petition under penalty of perjury. *See* Doc. [6]. But he did so in a Response [8] to United States Magistrate Robert H. Walker's Order [6] issued on May 4, 2020, and subsequent Order to Show Cause [7] issued on June 9, 2020. Henderson's signed habeas petition raised four grounds: (1) ineffective assistance of trial counsel; (2) that the verdict contradicted the overwhelming weight of the evidence; (3) ineffective assistance of appellate counsel in his direct appeal; and (4) the use of a prejudicial video by the prosecution during its closing argument. Doc. [8].

On August 8, 2023, United States Magistrate Judge Robert P. Myers entered a Report and Recommendation [22] recommending that the Petition be dismissed with prejudice. *See* R. & R. [22]. A copy of the Report and Recommendation [22] was mailed to Petitioner at his address of record. Petitioner has not filed any objection to the Report and Recommendation [22], and the time for doing so has passed. *See* 28 U.S.C. § 636(b) ("Within fourteen days after being served with a copy, any party may serve and file written objections to [the magistrate judge's] proposed findings and recommendations as provided by rules of court."); L.U. CIV. R. 72(a)(3) ("After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations.").

## II. DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. *See id.* The Magistrate Judge reasonably found that the state court's denial of Henderson's ineffective-assistance-of-trial-counsel claim was neither "contrary to" nor "an unreasonable application of" Supreme Court precedent, and that it was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see* R. & R. [22] at 6. The Magistrate Judge also reasonably found that Henderson's weight-of-the-evidence claim was not cognizable on federal habeas corpus review. *See Branch v. Mississippi*, No. 3:10-CV-255-HTW-LRA, 2013 WL 3776740, at *3 (S.D. Miss. July 18, 2013) ("It is well settled that '[a] federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the "weight" of the evidence . . . .'") (quoting *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985)). And insofar as Henderson's claim was a sufficiency-of-the-evidence claim under the Due Process Clause of the Fourteenth Amendment, the Magistrate reasonably found the evidence sufficient to support the jury's verdict.

As to ground three, the Magistrate Judge reasonably found that Henderson failed to exhaust his ineffective-assistance-of-appellate-counsel claims in state court, and that he forfeited the claims when he could have brought them in state court, rendering them now procedurally barred. *See Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred,

then there has been a procedural default for purposes of federal habeas corpus relief."). As to ground four, the Magistrate Judge reasonably found that the Mississippi Supreme Court, on state collateral review, held his claim concerning the purportedly prejudicial use of a video by the prosecution in closing argument procedurally barred under Miss. Code Ann. § 99-39-21(1), and Henderson has not attempted to show that Miss. Code Ann. § 99-39-21(1) is an inadequate procedural bar. *See Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997) (explaining how "[t]he petitioner bears the burden of showing that the state did not strictly or regularly follow a procedural bar," and finding Miss. Code Ann. § 99-39-21(1) an adequate and independent state procedural bar).

Further, the Magistrate Judge reasonably found that Henderson failed to show cause and prejudice to excuse the procedural defaults of his claims under grounds three and four. *Mullis v. Lumpkin*, 47 F.4th 380, 390 (5th Cir. 2022) ("We may excuse a procedural default only if the petitioner shows cause for and prejudice from the default.") (internal quotation marks and citation omitted). Accordingly, dismissal of Henderson's Petition [8] with prejudice is warranted.

### III. CONCLUSION

The Court will adopt the Magistrate Judge's Report and Recommendation [22] as the opinion of this Court and dismiss the Petition for Writ of Habeas Corpus [8] with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [22] of United States Magistrate Robert P. Myers, entered in this case on August 8, 2023, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner Peter Henderson's Petition for Writ of Habeas Corpus [8] is **DISMISSED WITH PREJUDICE**. The Court will issue a separate Final Judgment in accordance with Rule 58 of the Federal

Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this the 12th day of September, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE